UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MICHAEL ADAMOWICZ AND
ELIZABETH FRASER, INDIVIDUALLY
AND AS EXECUTORS OF THE ESTATE
OF MARY ADAMOWICZ, DECEASED,

                Plaintiffs,                MEMORANDUM AND ORDER

                                            CV 05-3828
                                            CV 05-3262
                                            CV 06-3449
                                            Misc. 06-120

            -against-                                  (Wexler, J.)

UNITED STATES OF AMERICA,

                Defendant.
---------------------------------------------------------X

APPEARANCES:

    LAW OFFICES OF FREDERICK M. SEMBLER, PLLC
    BY: FREDERICK M. SEMBLER, ESQ.
    501 Madison Avenue 8th Floor
    New York, New York 10022
    Attorneys for Plaintiffs

    ROSLYNN R. MAUSKOPF, ESQ.
    UNITED STATES ATTORNEY
    BY: DIANE LEONARDO BECKMAN, ESQ.
    ASSISTANT UNITED STATES ATTORNEY
    Attorney for Defendant
    610 Federal Plaza 5th Floor
    Central Islip, New York 11722

WEXLER, J.

    In these consolidated cases, Plaintiffs seek to quash summonses issued by the Internal

Revenue Service ("IRS").[1] Defendant, United States of America (the "Government") opposes the various motions to quash and seeks an order enforcing the summonses. For the reasons set forth below, the motions to quash are denied and the court orders their enforcement.

## Background

This case involves the propriety of summonses issued by the IRS. Plaintiffs are the children and executors of the will of their mother, Mary Adamowizc (the "Deceased"), who died on March 2, 2002. In support of the summonses, the Government has submitted the declaration of Susan Leboff, an estate tax attorney employed by the IRS (the "Leboff Declaration"). The Leboff Declaration indicates that the IRS is conducting an audit to determine the proper estate and gift tax liabilities of the estate of the Deceased. According to the IRS, the summonses seek documents concerning financial transactions involving the Deceased and certain closely held companies in which she held an interest during her lifetime. The Leboff Declaration establishes the service of the summonses at issue and states that the audit is necessary to determine whether the Deceased, either directly or through these companies, made gratuitous transfers to family members. Finally, the Leboff Declaration states that there has been no referral to the United States Department of Justice regarding the matters relevant to its estate and gift tax investigation. Plaintiffs oppose the motion to enforce the summonses on procedural grounds and seek to have the summonses quashed on the grounds, inter alia, that they are overly broad and have been served for an improper purpose.

---

[1] The summonses issued in connection with cases docketed under Nos. CV 05-3828, CV 05-3262 and Misc. 06-120 are at issue. Summonses issued in connection with CV 06-3449 are not yet ripe for adjudication.

## Disposition of the Motions

At the outset, the court notes that the procedure invoked by the Government is proper. 26 U.S.C. §7609(b)(2)(A) provides that a person summoned by the IRS may commence proceedings to quash the summons. It further provides that in any such proceeding the Government may seek compliance with the summons. 26 U.S.C. §7609(b)(2)(A). This is precisely the procedure invoked in this matter and the court therefore rejects the argument that the Government may not seek compliance in the context of this action.

As to the merits, the court notes that the IRS has broad powers to issue summonses to aid in its determination of the proper tax due. 26 U.S.C. §7602(a)(1)(granting power to issue summons to investigate, inter alia, the "liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect to any internal revenue tax"); see United States v. Bisceglia, 420 U.S. 141, 145-46 (1975); PAA Mgmt., Ltd. v United States, 962 F.2d 212, 216 (2d Cir. 1992); Muratore v. Department of the Treasury, 315 F. Supp.2d 305, 307 (S.D.N.Y. 2004). In furtherance of its broad powers, the Government may seek any documents that "may be" relevant to its examination, including those documents that are of "potential" relevance. PPA, 962 F.2d at 216, quoting, United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984).

The criteria for ordering compliance with an IRS summons are familiar, having been established by the United States Supreme Court in United States v. Powell, 379 U.S. 48 (1964). Pursuant to Powell, a summons is to be enforced if: (1) it was issued for a legitimate purpose; (2) it seeks information which may be relevant to that purpose; (3) it seeks information not already in

the possession of the government and (4) all administrative steps required by the Internal Revenue Code for issuance and service have been followed. Powell, 379 U.S. at 57-58; see PAA, 962 F.2d at 215; United States v. Diversified Group, Inc., 2002 WL 31947904 *3 (S.D.N.Y. 2002).

Compliance with the Powell factors establishes the Government's prima facie case and the burden thereafter shifts to the party seeking to quash to show why enforcement is not warranted. Muratore, 315 F. Supp.2d at 307; Diversified, 2002 WL 31947904 *3. The burden to disprove one of the Powell factors or otherwise demonstrate the impropriety of the summons is heavy. Muratore, 315 F. Supp.2d at 307. The issue to be determined by the court is not the taxpayer's liability for taxes due, but whether the summons is issued pursuant to a valid tax determination or collection purpose. Muratore, 315 F. Supp.2d at 308; Diversified, 2002 WL 31947904 *4.

Upon review of the submissions in this matter, the Court notes that the Leboff Declaration sets forth the following information. First, it establishes that the summonses were issued to determine the proper estate and tax liability of the Deceased and that there has been no Justice Department referral with respect to this issue. This purpose is authorized by 26 U.S.C. §7602 which includes "determining the liability of any person for any internal revenue tax" so long as there has been no Justice Department referral inquiring into any offense connected with the administration or enforcement of the internal revenue laws. 26 U.S.C. § 7602(d). The second and third Powell factors, i.e., the relevance of the information sought and the fact that the information sought is not already in the possession of the government are also established by the Leboff Declaration. Finally, that declaration establishes that all administrative steps required by

4

the Internal Revenue Code for issuance and service have been followed. In light of the foregoing, the court concludes that the Leboff Declaration establishes the Government's prima facie case. See PAA Mgmt, Ltd. v. United States, 962 F.2d 212, 219 (2d Cir. 1992) (Powell imposes only a "minimal" burden on the IRS and affidavit of agent is sufficient to establish prima facie case); Diversified, 2002 WL 31947904 *3 (same).

Plaintiffs' submission does little, if anything, to counter the Leboff Declaration or support any claim of an improper purpose. While the papers submitted indicate that extensive documentation may have already been supplied to the Government, it does not establish either that the documents sought are in the possession of the Government, the presence of a Justice Department referral or that the Government seeks additional documents for an improper purposes.

Under these circumstances, the summonses are to be enforced.

## Conclusion

For the foregoing reasons, the court denies the pending motions to quash the summonses and orders that the summonses be enforced. The Clerk of the Court is directed to terminate the motions in the cases docketed under numbers CV 05-3828, CV 05-3262 and Misc. 06-120.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 7, 2006

5